**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DAVID LOYA, #39510-177, | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | **CIVIL NO. 3:16-CV-1828-M-BK** |
| | § | **(Criminal No. 3:09-CR-361-M-1)** |
| UNITED STATES OF AMERICA, | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge.  Upon review of the relevant pleadings and applicable law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE** as time barred.

**I. BACKGROUND**

In 2010, Petitioner waived his right to indictment and pled guilty to a one count information charging him with using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence, namely armed bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and was sentenced to 180 months' imprisonment.  Crim. Doc. 1; Crim. Doc. 10; Crim. Doc. 18.  Petitioner did not pursue a direct appeal.  On June 28, 2016, Petitioner initiated this case by filing a *pro se* motion to vacate sentence, seeking relief under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28

U.S.C. § 924(e), violates the Constitution's guarantee of due process.[1]  Doc. 1 at 4.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and opportunity to respond.  *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).[2]

### A.  Limitations

Petitioner appears to rely on 28 U.S.C. § 2255(f)(3) and *Johnson* to overcome the one-year limitations period in section 2255(f)(1) since, otherwise, his section 2255 motion is clearly untimely.  More than five and one-half years elapsed between August 2010, when Petitioner's conviction first became final, and his initiation of this habeas action.  *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired).

Petitioner's reliance on section 2255(f)(3) and *Johnson* to overcome the limitations bar, however, is misplaced.  Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that

---

[1] The Court deems the section 2255 motion filed on June 22, 2016, the date Petitioner placed it in the prison mailing system.  Doc. 1 at 5.  *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's mail system).

[2] Petitioner will have adequate notice and an opportunity to respond to the statute of limitations ruling during the 14-day period for filing objections to the findings, conclusions and recommendation.  *See Magouirk v. Phillips,* 144 F.3d 348, 359 (5th Cir. 1998) (Magistrate Judge's findings and recommendation provided habeas petitioner reasonable opportunity to oppose application of the procedural default doctrine).

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." And while the Supreme Court has found its holding in *Johnson* retroactively applicable to cases on collateral review, *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016), *Johnson* has no bearing on Petitioner's case. That is because Petitioner's sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather Petitioner was sentenced under 18 U.S.C. § 924(c)(1)(A)(iii) to 180 months' imprisonment for discharging a firearm during and in relation to a crime of violence. *See* Crim. Doc. 22 at 7, Presentence Report (PSR) ¶ 28; Crim. Doc. 19 at 1, Statement of Reasons (SOR) (accepting PSR and Addendum).

Petitioner pled guilty only to a one-count Information charging him with a violation under section 924(c)(1)(A)(iii), which mandates a minimum sentence of ten years' imprisonment when a firearm is discharged during or in relation to a "crime of violence," as that term is defined by section 924(c)(3). Crim. Doc. 1 (Information); Crim. Doc. 3 (Factual Resume); Crim. Doc. 22 at 13, (PSR ¶ 57 summarizing impact of the plea agreement), and stipulated that the "crime of violence" alleged was his commission of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). Crim. Doc. 3. "Crime of violence," as used in the 18 U.S.C. § 924(c)(1)(A)(iii), is defined as a felony that

  (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

  (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Although worded differently, the residual clause in 18 U.S.C. § 924(c)(3)(B) arguably is most like the residual clause of the ACCA that the Supreme Court held

unconstitutional in *Johnson*.[3]  However, because the requisite crime of violence in Petitioner's case was armed bank robbery, 18 U.S.C. § 924(c)(3)(B) was never implicated in his case.  That is because bank robbery under 18 U.S.C. § 2113(a) and (d), is a felony offense that unquestionably "has as has as an element the use, attempted use, or threatened use of physical force against the person or property of another," as provided in the definition in 18 U.S.C. § 924(c)(3)(A).

A person commits the crime of bank robbery if "by force and violence, or by intimidation, [he] takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." 18 U.S.C. § 2113(a).  A person commits the offense of armed bank robbery when, while committing a bank robbery under 18 U.S.C. § 2113(a), he "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d).  Thus, the Court never had to consider the application of the residual clause of 18 U.S.C. § 924(c)(3)(B) in Petitioner's case as the definition of "crime of violence under 18 U.S.C. § 924(c)(3)(A) was sufficient.  *See United States v. Taylor*, CV H-16-1699, 2016 WL 3346543, at *2 (S.D. Tex. June 16, 2016) (citing, among others, *Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998) (under § 924(c)(3)(A), an inmate convicted of the

---

[3] The residual clause of section 924(c)(3)(B) is different from the residual clause of the ACCA. The residual clauses of section 924(c)(3)(B) states that an offense is a crime of violence or serious violent felony when "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The residual clause of the ACCA states that an offense is a serious violent felony if it "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).

crime of bank robbery is incarcerated for a "crime of violence")).

Moreover, even if Petitioner's sentence had been enhanced under the residual provision of 18 U.S.C. § 924(c)(3)(B), the United States Supreme Court has not held that the residual clause of section 924(c)(3) is also unconstitutional under its reasoning in *Johnson*. *In re Fields*, 826 F.3d 785, 786 (5th Cir. 2016) (*per curiam*) (holding that "Johnson did not address section 924(c)(3)(B)" and denying authorization to file a successive application). In a recent *en banc* opinion, the Fifth Circuit Court of Appeals also held that 18 U.S.C. § 16(b), worded identically to section 924(c)(3)(B), is not unconstitutionally vague. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 676-677 and n. 6 (5th Cir. Aug. 5, 2016) (en banc), *pet. for cert.* filed (Sep. 29, 2016).

Thus, section 2255(f)(3), which applies only if the right is one "newly recognized by the Supreme Court," has no application in this case.[4]  And consequently, Petitioner's section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

### B.  Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling applies.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016).  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation

---

[4] Sections 2255(f)(2) and (4) are likewise inapplicable.  Petitioner has not premised his claims on a government-created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

and quoted case omitted).  Neither a prisoner's unfamiliarity with the law nor his *pro se* status

rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See*

*United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of

the law, and *pro se* status are insufficient to equitably toll the statute of limitations).

Accordingly, Petitioner has not carried his burden of establishing that equitable tolling is

warranted in this case.  *Id.* at 365.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28

U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year

statute of limitations.

**SIGNED** January 11, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## NSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE